UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED HAMED SHAMS,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | No.  1:26-cv-01934-DAD-DMC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 9) |

Petitioner Mohammed Hamed Shams is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 22, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted.  (Doc. No. 9.)  Specifically, the magistrate judge found that petitioner is a citizen of Afghanistan that was granted parole into the United States on September 4, 2001.  (*Id.* at 2.)  Accordingly, the magistrate judge concluded that petitioner had a protectable liberty interest in his continued release and that his re-detention without a pre-deprivation hearing violated his procedural due process rights.  (*Id.* at 5–9.)  Finally, the magistrate judge addressed respondents' argument that petitioner has suspected connections to the Taliban but noted that these suspicions are based on investigations conducted prior to petitioner's initial parole pursuant to Operation Allies Welcome.

1

(*Id.* at 9–11.)  The magistrate judge therefore concluded that immediate release is the appropriate relief in light of respondents' apparently pretextual reason for petitioner's recent re-detention. (*Id.* at 11.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service.  (*Id.* at 12.) On April 29, 2026, respondents filed their objections to the pending findings and recommendations.  (Doc. No. 11.)  Respondents' objections are comprised of a single sentence stating that respondent objects to the findings and recommendations based on the same arguments raised in its previous briefing.  (*Id.* at 1.)  These objections do not provide a basis upon which to reject the pending findings and recommendations.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1.    The findings and recommendations issued on April 22, 2026 (Doc. No. 9) are ADOPTED IN FULL;

2.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a.    Respondents are ORDERED to immediately release petitioner Mohammed Hamed Shams, A-File No. 241-539-902, from respondents' custody on the

/////

---

[1]  Respondents also filed modified exhibits in support of their original briefing on April 28, 2026 and April 30, 2026.  (Doc. Nos. 10, 12.)  These documents purport to be internal records and reports from the United States Department of Justice, Federal Bureau of Investigation, and Department of Homeland Security.  (*Id.*)  However, there are no sworn declarations explaining what these documents are, what they purport to show, nor attesting to their authenticity. Moreover, these documents contain several unexplained redactions in contravention of this court's Local Rules.  L.R. 140(a) (listing the limited redactions which a party may include in a filed document or exhibit without a court order); L.R. 140(b) ("No other redactions are permitted unless the Court has authorized the redaction.").  Moreover, respondents do not even reference these exhibits in their objections.  Accordingly, even if the court were to consider these exhibits despite the noted deficiencies, that consideration would not change the conclusions of this court.

same conditions, if any, he was subject prior to his re-detention and to return petitioner's property;

b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless they provide petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden of demonstrating that petitioner poses a flight risk or danger to the community by clear and convincing evidence;

3. The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Center; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated:   **May 29, 2026**

_____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE